UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERROD MILLER,

    Plaintiff,

                      CASE NO. 07-CV-14575-DT
                      JUDGE JOHN FEIKENS
                      MAGISTRATE JUDGE PAUL J. KOMIVES

v.

KAREN FOLKS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION REGARDING
## (1) PLAINTIFF'S COMPLAINT (Doc. Ent. 1) and
## (2) PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (Doc. Ent. 2)

**I.    RECOMMENDATION:** Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2). However, the Court should provide plaintiff with an opportunity to amend his complaint as discussed below. If the Court agrees with this recommendation, it need not consider at this time the merits of plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915.

**II.    REPORT:**

On October 26, 2007, plaintiff filed a two-page, handwritten, verified complaint against Karen Folks, Chief Executive Officer of the YWCA of Greater Flint.[1] He alleges that, on or about June 2003, Folks caused him "to be subjected to [a] Due Process violation by calling him not to return back to work at the Y.W.C.A." in violation of several rights. Among other things, plaintiff references the Civil Rights Act of 1866; the Civil Rights Act of 1964; 42 U.S.C. 2000e;

---

[1] The address for this location is YWCA of Greater Flint, 310 E. Third Street, Flint, MI 48505. *See* www.ywcaflint.org/directory. Plaintiff's contact information is listed as 201 Dartmont Street, Flint, Michigan 48505. Doc. Ent. 1 at 2.

42 U.S.C. § 2000a-6; the Privacy Act of 1974 (background check) and 42 U.S.C. § 2000e-16 (equal employment opportunity), as well as the Eighth and Fourteenth Amendments of the United States Constitution. Doc. Ent. 1 at 1. Plaintiff requests that the Court require defendant to show cause (presumably with regard to why he was terminated). Plaintiff seeks relief for mental pain, shame, mortification, mental distress, anxiety, annoyance, discomfort, anguish and humiliation. Doc. Ent. 1 at 2.[2]

Plaintiff has also filed an application to proceed *in forma pauperis*. Doc. Ent. 2. He claims that he is low income as defined by 12 U.S.C. §§ 4502(8)(A), (16); 45 C.F.R. § 233 and 28 U.S.C. § 1915; his only income is his social security payment; and he pays rent, Consumers Energy and water bills. Doc. Ent. 2 at 4.

Fed. R. Civ. P. 8(a) provides that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded." Fed. R. Civ. P. 8(a) ("Claims for Relief.").

Plaintiff's October 26, 2007 filing does not comply with Fed. R. Civ. P. 8(a)(2). Although the complaint alleges that several of his rights were violated when Folks told him not to return to work, he does not specify the type of violation he is alleging. For example, the YWCA handbook page attached to plaintiff's complaint states:

---

[2]Attached to plaintiff's complaint is a copy of page 3 of the YWCA of Greater Flint's 2001 Edition of the Employee Handbook. Doc. Ent. 1 at 3-4.

> The YWCA of Greater Flint is an equal opportunity employer. The YWCA of Greater Flint will not discriminate on the basis of race, color, religion, national origin, sex, age, height, weight, marital status, disability or any other reason prohibited by applicable laws.

Doc. Ent. 1 at 4. Similarly, the statute provides, "[i]t shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2. Based on the level of detail provided by plaintiff in his October 26, 2007 complaint, it is not clear what type of discrimination he is alleging. *Curto v. Bender*, No. 04-CV-26S, 2005 WL 724156, 12 (W.D.N.Y. Mar. 28, 2005) )("A complaint that does not identify the basis upon which purported discrimination occurred does not give a defendant fair notice of what the claim is or on what grounds it rests, and therefore fails to meet even the minimal pleading requirements of Federal Rule of Civil Procedure 8(a)(2).") (referencing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002)).

Furthermore, plaintiff has not explained the basis for his Eighth Amendment and Fourteenth Amendment Due Process claims. On the information provided, the Court can only assume he is alleging a deprivation of property as it relates to his income. This lack of clarity is not focused by the allegation in his application to proceed in forma pauperis that he "is being punish[ed] for his past criminal history which is barred by" the Fourteenth Amendment to the United States Constitution. Doc. Ent. 2 at 5. Additionally, although he mentions a background check, plaintiff has not specified the portion of the Privacy Act of 1974 which he believes has been violated.

For the foregoing reasons, the Court cannot determine that plaintiff is entitled to relief.

Therefore, the complaint does not comply with Fed. R. Civ. P. 8(a)(2). Where a pro se complaint fails to satisfy the requirements of Rule 8, the plaintiff should ordinarily be given an opportunity to amend the complaint to the extent that he can assert any non-frivolous claims. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) ("if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous.").

I acknowledge that the Court's order of reference suggests that I assess plaintiff's entitlement to *in forma pauperis* status before determining if plaintiff's complaint has merit. However, if the Court agrees with my conclusion that plaintiff's complaint does not comport with Fed. R. Civ. P. 8(a)(2), then it need not consider at this time the propriety of plaintiff's request to proceed *in forma pauperis*. This conclusion is supported by the fact that the scant level of detail in plaintiff's complaint makes it difficult to assess the merit of his claims.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829

F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 11/2/07

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 2, 2007.

s/Eddrey Butts
Case Manager