UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERROD MILLER,

      Plaintiff,

                        CASE NO. 07-CV-14575-DT
                        JUDGE JOHN FEIKENS
                        MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

KAREN FOLKS,

      Defendant.

                                      /

**REPORT AND RECOMMENDATION REGARDING (1) PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S DECEMBER 3, 2007, ORDER; (2) PLAINTIFF'S MOTION FOR OBJECTION (Doc. Ent. 5) and (3) PLAINTIFF'S MOTION FOR CONTINUANCE WITH A STAY (Doc. Ent. 7)**

**I.**     **RECOMMENDATION:** The Court should not dismiss this case for failure to comply with the Court's December 3, 2007, order but should instead give plaintiff another chance to amend his complaint with notice that a failure to satisfy Fed. R. Civ. P. 8(a)(2) may result in dismissal of the complaint. Furthermore, the Court should deny plaintiff's motion for objection (Doc. Ent. 5) and his motion for continuance with a stay (Doc. Ent. 7) as premature.

**II.**     **REPORT:**

**A.**     **Background**

On October 26, 2007, plaintiff filed a two-page, handwritten, verified complaint against Karen Folks, Chief Executive Officer of the YWCA of Greater Flint.[1] He alleges that, on or about June 2003, Folks caused him "to be subjected to [a] Due Process violation by calling him

---

      [1]The address for this location is YWCA of Greater Flint, 310 E. Third Street, Flint, MI 48505. *See* www.ywcaflint.org/directory. Plaintiff's contact information is listed as 201 Dartmont Street, Flint, Michigan 48505. Doc. Ent. 1 at 2.

not to return back to work at the Y.W.C.A." in violation of several rights. Among other things, plaintiff references the Civil Rights Act of 1866; the Civil Rights Act of 1964; 42 U.S.C. 2000e; 42 U.S.C. § 2000a-6; the Privacy Act of 1974 (background check) and 42 U.S.C. § 2000e-16 ("Employment by Federal Government"), as well as the Eighth and Fourteenth Amendments of the United States Constitution. Doc. Ent. 1 at 1. Plaintiff requests that the Court require defendant to show cause (presumably with regard to why he was terminated). Plaintiff seeks relief for mental pain, shame, mortification, mental distress, anxiety, annoyance, discomfort, anguish and humiliation. Doc. Ent. 1 at 2.[2]

Plaintiff has also filed an application to proceed *in forma pauperis*. Doc. Ent. 2. He claims that he is low income as defined by 12 U.S.C. §§ 4502(8)(A), (16); 45 C.F.R. § 233 and 28 U.S.C. § 1915; his only income is his social security payment; and he pays rent, Consumers Energy and water bills. Doc. Ent. 2 at 4.

On November 2, 2007, I entered a report concluding that plaintiff's complaint did not comply with Fed. R. Civ. P. 8(a)(2) and recommending that the Court provide plaintiff with an opportunity to amend his complaint. I further recommended that if the Court agreed with my recommendation, it need not consider the merits of plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. Ent. 4.

**B.     The Instant Motions**

On November 13, 2007, plaintiff filed a "motion for objection." Essentially, plaintiff seeks "copies of all written and recorded statements of witness[es]" and "access to all investigation that was conducted." Doc. Ent. 5 at 1. This interpretation is consistent with

---

[2]Attached to plaintiff's complaint is a copy of page 3 of the YWCA of Greater Flint's 2001 Edition of the Employee Handbook. Doc. Ent. 1 at 3-4.

plaintiff's statement that he needs "to conduct discovery [pursuant to Fed. R. Civ. P. 30(b)(6)] in order to prepare a defense so he can amend a complaint and state a claim[,]" and plaintiff's request for relief, which seeks an order granting discovery. Doc. Ent. 5 at 2, 3.

On December 3, 2007, Judge Feikens filed an order adopting my report and recommendation; directing plaintiff to "amend his complaint to the extent that he can assert any non-frivolous claims[;]" and stating that, at this time, the Court would not consider the application to proceed in forma pauperis. Doc. Ent. 6 at 1.

On December 17, 2008, plaintiff filed a "motion for continuance with a stay". Doc .Ent. 7. The motion is filed pursuant to Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 56(f). It appears that plaintiff seeks permission to conduct discovery. Doc. Ent. 7 at 4.

On January 16, 2008, Judge Feikens referred this case to me to determine (1) if it should be dismissed since the plaintiff did not comply with the December 3, 2007, order; (2) if plaintiff's November 13, 2007, objection is valid; and (3) the disposition of plaintiff's December 17, 2008, motion for continuance with a stay. Doc. Ent. 8.

**C.     Analysis**

**1.**     Judge Feikens's order of reference first asks me to determine if this case should be dismissed for failure to comply with the Court's December 3, 2007, order. Dismissal of actions is governed by Fed. R. Civ. P. 41. As to an involuntary dismissal and its effect, the rule provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule

19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

The Sixth Circuit "has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). "Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance." *Little*, 984 F.2d at 162 (citing *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980)).

The factors to consider when determining whether to dismiss a case pursuant to Rule 41(b) mirror the factors to consider when determining whether to dismiss a case pursuant to Rule 37(b). "In reviewing a district court's dismissal under either Rule 37(b)(2) or Rule 41(b), we consider four factors: '(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal;[3] and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'" *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999)). *See also Bryant v. United States, ex rel. U.S. Postal Service*, 166 Fed.

---

[3]"[T]he absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing [does not] necessarily render such a dismissal void." *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*. Therefore, "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id*. at 633.

Appx. 207, 210 (6th Cir. 2006); *Southern Wabash Communications, Ltd. v. Union County Broadcasting Co., Inc.*, 69 Fed. Appx. 285, 290 (6th Cir. 2003).

My November 2, 2007, assessment that plaintiff's October 26, 2007, filing did not comply with Fed. R. Civ. P. 8(a)(2) specifically noted that plaintiff did not specify the type of violation he was alleging and it was not clear what type of discrimination plaintiff was alleging; plaintiff had not explained the basis for his Eighth Amendment and Fourteenth Amendment Due Process claims; and plaintiff had not specified the portion of the Privacy Act of 1974 which he believed had been violated. As previously mentioned, Judge Feikens's December 3, 2007, order adopted my report and recommendation and required plaintiff to amend his complaint to the extent that he could assert any non-frivolous claims. Since the entry of that order, plaintiff has not attempted to amend his complaint; he has filed only the December 17, 2008, motion for continuance with a stay.

Moreover, plaintiff's December 17, 2008, filing does not fill in the blanks pointed out in my November 2, 2007, report and recommendation. The basis for plaintiff's discrimination claim (such as race, color, religion, sex or national origin) is still unclear. Furthermore, the bases for plaintiff's Eighth and Fourteenth Amendment Due Process claims has not been clarified. For example, plaintiff might have validated my assumption that he is alleging a deprivation of property as it relates to his income.[4] Additionally, the basis of plaintiff's Privacy Act of 1974

---

[4] In his October 26, 2007, motion for waiver/suspension of fees and costs, plaintiff claims he is "being punish[ed] for his past criminal history which is barred by the [Fourteenth Amendment to the United States Constitution][.]" Furthermore, it mentions liberty interests. Doc. Ent. 2 at 5.

(background check) claim has not been clarified.[5]

To the extent this is an employment discrimination case, it is clear that "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework set forth . . . in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). In *Swierkiewicz*, plaintiff "alleged that he had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA. His complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Swierkiewicz*, 534 U.S. at 514. The Court concluded that "[t]hese allegations g[a]ve respondent fair notice of what petitioner's claims [we]re and the grounds upon which they rest[ed]." *Id.* (referencing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, plaintiff's complaint as filed does not give "respondent fair notice of the basis for petitioner's claims." *Swierkiewicz*, 534 U.S. at 514.

Nonetheless, evaluation of the *Reyes* factors results in the conclusion that plaintiff's complaint should not be dismissed at this time. As to the first factor, it appears that this pro se plaintiff's failure to comply with the Court's order is a misunderstanding of the law as opposed to willfulness, bad faith or fault. As to the second factor, it does not seem that defendant would be prejudiced if, in fact, she has not yet been served with a copy of the instant complaint.

---

[5]In his November 13, 2007, "motion for objection," plaintiff claims that Congress did not pass a law permitting a background check without written consent. Doc. Ent. 5 at 2.

However, if she has been served, she is prejudiced by an inability to defend a complaint that does not comply with Fed. R. Civ. P. 8(a)(2). As to the third factor, plaintiff has not yet been warned that a failure to comply with the December 3, 2007, order might result in a dismissal of the lawsuit. Finally, as to the fourth factor, the Ninth Circuit has noted, "[i]n reviewing the propriety of dismissal under rule 41(b) we should look to see whether the district court might have first adopted other less drastic alternatives." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (citing *Industrial Building Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970)). "These less drastic alternatives include allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel*, 651 F.2d at 674.

Taking into consideration each of these factors, the Court should permit plaintiff another opportunity to amend his complaint so that it satisfies Fed. R. Civ. P. 8(a)(2). However, this second chance at amendment should include a warning that failure to do so might result in dismissal of the lawsuit. Should plaintiff again fail to satisfy the Court's December 3, 2007, order, the Court will be in a better position to consider dismissal of the lawsuit for failure to comply with an order of the Court having provided plaintiff with a warning and another chance to amend. *O'Leary v. State of California*, No. 89-15447, 1990 WL 136628, 1 (9th Cir. 1990) (affirming district court's dismissal for failure to comply with Rule 8(a)(2), "despite four separate attempts to file the same claim, O'Leary's complaint remains verbose, confusing, and largely unintelligible. Accordingly, the district court did not abuse its discretion by dismissing the action."); *Tanner v. Neal*, 232 Fed.Appx. 924, 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice for failure to amend complaint in compliance with Rule 8,

7

"[a]lthough the district court's order provided a standard form, a clear description of what her complaint should contain, and page and exhibit limitations, the overall form and content of Tanner's amended complaint show that she did not comply with the district court's order after being warned of the consequences.").

**2.** Next, Judge Feikens's order of reference asks me to determine if the plaintiff's objection to the order is valid. Plaintiff's November 13, 2007, "motion for objection" is based upon E.D. Mich. LR 72.1(d)(2)[6] and 28 U.S.C. § 636(b)(1)(B). Doc. Ent. 5 at 1. Plaintiff seeks discovery pursuant to Fed. R. Civ. P. 30(b)(6) "in order to prepare a defense to state a claim. Fed. R. [Civ.] P. 56(f)." Doc. Ent. 5 at 1 ¶ 1. As previously noted, plaintiff's November 13, 2007, filing essentially seeks "copies of all written and recorded statements of witness[es]" and "access to all investigation that was conducted." Doc. Ent. 5 at 1 ¶ 2.

The scope and limits of discovery are governed by Fed. R. Civ. P. 26(b). This rule provides in part that "[u]nless otherwise limited by court order, the scope of discovery is as follows: ***Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense***--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

---

[6]"A party must serve the magistrate judge and all parties with objections permitted by Fed. R. Civ. P. 72." E.D. Mich. LR 72.1(d)(2).

Fed. R. Civ. P. 26(b)(1) (emphasis added).

At the outset of plaintiff's brief, he contends that he needs "to conduct discovery [under] Fed. R. [Civ.] P. 30(b)[] in order to prepare a defense so he can amend a complaint and state a claim." Doc. Ent. 5 at 2. Unless plaintiff's complaint satisfies Fed. R. Civ. P. 8(a)(2), the Court will have great difficulty determining which requests are relevant under Fed. R. Civ. P. 26. Furthermore, requests to produce documents, electronically stored information and tangible things should be done in accordance with Fed. R. Civ. P. 34. Also, perhaps because plaintiff's application to proceed in forma pauperis / "motion for waiver suspension of fees and costs" has not been ruled upon by the Court, it does not appear that defendant has been served with the complaint. Therefore, not only does it appear that defendant is not properly before this Court, but also it would also be unfair to require a defendant to respond to discovery requests before she has been served with a copy of a complaint which satisfies Fed. R. Civ. P. 8(a)(2).

**3.** Finally, Judge Feikens's order of reference asks me to determine the disposition of the motion to continuance/stay. Plaintiff's December 17, 2008, motion for continuance with a stay is brought pursuant to Fed. R. Civ. P. 30(b)(6) ("Notice or Subpoena Directed to an Organization.") and Fed. R. Civ. P. 56(f) (regarding summary judgment when affidavits are unavailable). His motion appears to claim that evidence in defendant's possession will support an amendment to the complaint. He also claims that he will be prejudiced if the Court denies discovery. Furthermore, he seeks to explore the issue of qualified immunity. Doc. Ent. 7 at 1.

At the outset, plaintiff's brief in support states, "legitimate reasons exist with the evidence in the Defendants['] possession, witnesses, and rebuttal evidence for an Amendment. Genuine issue does exist in the Discovery." Plaintiff claims that "[w]hat counts is not the prize

at stake, but whether [the] Plaintiff received a fundamentally fair chance to present his side of [the] story." Doc. Ent. 7 at 2. Plaintiff also claims that "Defendant didn't exercise due diligence, instead she implemented her own custom and practice of policy like a magician pulling another and another and still another rabbit out of a hat [by] which defendant . . . [waived] her immunity[.]" Doc. Ent. 7 at 3. In conclusion, plaintiff requests that the Court "enter judgment in [his] favor granting discovery." Doc. Ent. 7 at 4.[7] His affidavit claims that he seeks information "concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took." Doc. Ent. 7 at 5 ¶ 2.

A motion on the bases of Rules 30(b)(6) and 56(f) is premature, because plaintiff has not yet stated a claim for relief in accordance with Rule 8(a).[8] To the extent plaintiff is claiming that he needs discovery in order to amend his complaint so that it complies with Fed. R. Civ. P. 8(a)(2), this claim has been addressed in Section II.C.2. "Notice pleading requires at a minimum that the pleading give the opposing party notice of the nature of the claim against it, including which of its actions gave rise to the claims upon which the complaint is based. The claim must be sufficiently particular to allow the defendant to commence discovery and prepare a defense." *E & L Consulting, Ltd. v. Doman Industries Ltd.*, 472 F.3d 23 (2d Cir. 2006); *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1229 (10th Cir. 2003) ("This pleading is fair notice to defendants that USWA expects, with the aid of discovery, to pinpoint the specific role that Oregon Steel plays vis-a-vis the Pueblo Mill."); *Evans v. McDonald's*

---

[7]Plaintiff's motion for continuance with a stay mentions Exhibit A to an Affidavit, Doc. Ent. 7 at 4; however, it is not clear to what plaintiff is referring.

[8]Rule 30 is part of Title V (Disclosures and Discovery) and Rule 56 is part of Title VII (Judgment). Rule 8 is part of Title III (Pleadings and Motions)

*Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) ("The purpose of 'fact pleading,' as provided by Fed.R.Civ.P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery.").

Furthermore, as noted above, the Court would be ill-positioned to assess entitlement to discovery (or for that matter to summary judgment) where the claims made in the complaint are unclear. Therefore, the motion for continuance with a stay should be denied to the extent plaintiff seeks permission to engage in discovery at this time.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 5/15/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 15, 2008.
>
> s/Eddrey Butts
> Case Manager